# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

STATE OF TENNESSEE, *ex rel.*
JOHN JAY HOOKER,

        Appellant,

v.

BROOK THOMPSON, *et al.*,

        Appellees,

NO. 01A01-9606-CH-00259

STATE OF TENNESSEE, *ex rel.*
LEWIS LASKA,

        Appellant,

v.

BROOK THOMPSON, *et al.*,

        Appellees,

NO. 01A01-9606-CH-00280

STATE OF TENNESSEE, *ex rel.*
LEWIS LASKA,

        Appellant,

v.

BROOK THOMPSON, *et al.*,

        Appellees.

NO. 01S01-9606-CH-00114

---

## ORDER

---

At the oral argument in this matter on July 5, 1996, an *amicus curiae* brief was filed by John King, who purports to be the Tennessee Republican party's nominee for the Supreme Court vacancy at issue in these cases. Verbal permission was granted by the Court at the July 5 hearing for the filing of additional briefs no later than Monday, July 8, 1996. Yesterday, in accordance with the Court's deadline, Mr. King filed a supplemental *amicus curiae* brief in this matter, asserting that this Court had erred in denying him the equitable relief granted to Justice Penny White and Appellant Lewis Laska. Mr. King does

not assert that it was inappropriate for this Court to fashion the equitable relief granted; he ". . . simply asserts that, under the circumstances he is also entitled to an equitable remedy in the form of an extension of the qualifying deadline for nominees of a party to the same extent extended for Justice White and Mr. Laska." (Supplemental *Amicus Curiae* Brief of John K. King, page 5.)

Because of the pressing nature of this matter, the Court made its ruling and entered an Order on July 5, 1996 within a few hours after oral argument, to be followed by an opinion. Although none of the parties had called T.C.A. § 17-1-301 to the Court's attention, in the course of researching the law and preparing to write its opinion over the weekend, the Court reviewed the provisions of T.C.A. § 17-1-301, which make it clear that the Supreme Court vacancy at issue in this case must be filled from the Eastern Grand Division of Tennessee. This effectively mooted the issue of Appellant Laska's residence in the Western Grand Division. On Monday, July 8, 1996, this Court issued its Order vacating its remand to the Chancellor for a ruling as to Mr. Laska's residence *vel non* in the Western District and denying Mr. Laska's request for mandamus on grounds that he lacked standing to become a candidate.

As noted in the Court's Order entered on July 5, 1996, T.C.A. § 17-4-114(c), a statute central to this dispute, does provide that unless the Judicial Evaluation Commission recommends the retention of a judge, the Tennessee Plan is not applicable and "[a] political party may nominate a candidate and independent candidates may qualify under the general election law for the general election which shall be the regular August election." We are persuaded that the August 1 election must be open to the candidates embraced in that statute, provided that they reside in the Eastern Grand Division.

The Court is concerned that Mr. King did not seek to intervene in any manner in these lawsuits until the filing of his *amicus curiae* brief on July 5, the day of the hearing on the oral argument in this matter. Nonetheless, Mr. King has at least taken some action before this Court to be on the ballot, and the Court is persuaded that as an equitable matter it should consider his contentions. The woefully unclear state of the statutory scheme for election of Supreme Court Justices in this state has, in this Court's opinion, made equitable relief advisable, and it can only be hoped that the Legislature will see fit

to clarify the law for future elections. Even in granting equitable relief, however, this Court will follow as closely as possible the statutory scheme enacted by the Legislature for general elections.

T.C.A. § 2-5-101 (a) (2) provides that the qualifying deadline for independent candidates for a race in which no May primary is called shall be ". . . twelve o'clock (12:00) noon, prevailing time, on the third Thursday in May", which in this case was May 16, 1996. Similarly, T.C.A. § 2-5-101(e) requires if no primary is held, ". . . party nominees shall be certified no later the twelve o'clock (12:00) noon, prevailing time, on the third Thursday in May"; again, that date is May 16, 1996 for this race. This Court can extend the deadline under circumstances where potential candidates are misled about their eligibility. *Crowe v. Ferguson*, 814 S.W. 2d 721 (Tenn. 1991). The most closely analogous statute for extending that deadline would appear to be T.C.A. § 2-13-204, which deals with new nominations upon the withdrawal, death or other disqualification of a party candidate. In pertinent part, this statute provides:

**2-13-204. Withdrawal or death of candidate -- New nomination. --**
(a) If a political party's candidate for any office dies or withdraws because of military call-up for the draft, or physical or mental disability . . . or is forced to change residence by the candidate's employer for a job-related reason, *or is declared ineligible or disqualified by a court, a new nomination may be made by the former nominee's party by any method of nomination authorized by Section 2-13-203 . . . .*
(b) (1) *If the office is to be filled by the voters of the entire state, the party's state executive committee shall determine the method of nomination.*
\* \* \* \* \* \* \* \* \* \* \* \* \*
(c) *No later than twelve o'clock (12:00) noon prevailing time on the twentieth day before the election, the chair of the party's state executive committee shall file with the county election commission of each county in which the nominee is a candidate a written statement of the name of the new nominee.* [emphasis added]

While this statute is not directly applicable to the factual situation at hand, it is at least instructive as to a practicable deadline for placing a candidate on the ballot. Twenty days before the election would be July 11, 1996. In fairness to all potential candidates for the office of Supreme Court Justice vacated by Justice O'Brien and filled in the interim by Justice White, this Court has concluded that the most equitable method of relief is to extend the twelve o'clock noon May 16 qualifying deadline set forth in T.C.A. § 2-5-101 (subsection (a)(2) for independent candidates and subsection (e) for political party candidates). Given the exigencies of the circumstances, it is ORDERED:

1.  The Court extends the May 16, 1996 noon deadline provided for in T.C.A. § 2-5-101 for independent candidates to qualify by filing their petitions and for certification of party nominees to four o'clock (4:00) p.m. on Friday, July 12, 1996.

2.  The equitable relief of placing Justice White's name on the ballot as a candidate contained in this Court's Order of July 5, 1996 shall remain in full force and effect.

3.  In accordance with the Court's previous Order of July 8, 1996, the vacancy for the unexpired term of Justice O'Brien must be filled from the Eastern Grand Division pursuant to T.C.A. § 17-1-301.

Enter this 9th day of July, 1996.


_____
WILLIAM H. D. FONES, CHIEF JUSTICE


_____
MARTHA S. L. BLACK, JUSTICE


_____
LIN S. HOWARD, JUSTICE


_____
A. C. WHARTON, JR., JUSTICE